# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Merlin Lkent Williams, | Case No. 2:23-cv-00054-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| State of Mississippi, | |
| Defendant. | |

*Pro se* Plaintiff Merlin Williams filed documents initiating this case on January 10, 2022. ECF No. 2. Plaintiff is in custody at South Mississippi Correctional Institute.

He submitted the affidavit required by 28 U.S.C. § 1915(a)(2) showing an inability to prepay fees or costs or give security for them. ECF No. 11. Nevertheless, he has not submitted a certified copy of his trust account statement for the six-month period preceding the filing of his complaint. Plaintiff's request to proceed *in forma pauperis* will therefore be held in abeyance until he submits his trust account statement.

The Court now screens Plaintiff's First Amended Complaint (ECF No. 14) as required by 28 U.S.C. § 1915(e)(2).

## I. Analysis

### A. Screening Standard

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Even liberally construing Plaintiff's complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege and cannot evaluate whether Plaintiff states any claims for relief. *See* ECF No. 14. ECF No. 14, which this Court construes as an attempted First Amended Complaint, is 180-pages long and accompanied by an exhibit that is 219-pages long. Plaintiff's handwriting is mostly illegible, making it impossible for the Court to decipher all his allegations. In turn, the Court cannot evaluate whether Plaintiff states any claims for relief. The Court has noted this before. *See* ECF Nos. 6 and 13. The Court, therefore, will dismiss the First Amended Complaint without prejudice for Plaintiff to file a Second Amended Complaint. If Plaintiff chooses to file a Second Amended Complaint, it must be clearly handwritten or typed and double-spaced.

Accordingly, the Court will dismiss Plaintiff's First Amended Complaint without prejudice and with leave to file a more manageable complaint. *See Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016) (holding that the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing his Second Amended Complaint may result in this action being dismissed.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendant(s). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Here, his First Amended Complaint contains 24 claims and it is not clear which defendants is alleged to be responsible for each of the different claims. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Iqbal*, 556 U.S. at 679.

Second, Plaintiff's Second Amended Complaint must be **short and plain**. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules of Civil Procedure also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff **may not raise multiple unrelated claims in a single lawsuit**. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a)

allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

  Lastly, Plaintiff's Second Amended Complaint must be complete in and of itself. If Plaintiff chooses to file a Second Amended Complaint, he is advised that the Second Amended Complaint supersedes prior complaints and, thus, must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's Second Amended Complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his Second Amended Complaint on this Court's approved form, which the Clerk of Court will send to Plaintiff.

## II. Conclusion

  **IT IS THEREFORE ORDERED** that Plaintiff's First Amended Complaint (ECF No. 14) is DISMISSED without prejudice and with leave to amend.

  **IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the prisoner, *pro se* form complaint.

  **IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must do so by May 17, 2023. If Plaintiff chooses not to amend his complaint, the Court will recommend that his case be dismissed.

  **IT IS FURTHER ORDERED** that Plaintiff's trust account statement is due by May 17, 2023.

  DATED: April 17, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE